UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REV. WESLEY CRAWFORD SR., | No. 2:14-CV-2725 JAM AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| LISA M. MOORE, | |
| Defendant. | |

Plaintiff is proceeding on a complaint that alleges violations of 42 U.S.C. §§ 1981, 1983, 2000a, et seq. (Title II of the Civil Rights Act) and 2000e, et seq. (Title VII of the Civil Rights Act). Pending before the court is plaintiff's request that the court appoint him counsel.[1]

I. SECTION 1983

District courts may not <u>require</u> counsel to represent indigent litigants in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). However, where willing counsel is available, the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004), <u>cert. denied</u>, 545 U.S. 1128 (2005).

---

[1] Defendant has also filed a motion to dismiss this lawsuit, but plaintiff has until March 25, 2015 to respond to that motion.

1

The district court may appoint such counsel where "exceptional circumstances" exist. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), cert. denied, 559 U.S. 906 (2010) (citing Agyeman, 390 F.3d at 1103). In determining whether or not exceptional circumstances exist, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Palmer, 560 F.3d at 970 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Circumstances common to most pro se litigants, such as lack of formal legal education, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. See, e.g., Guess v. Lopez, 2014 WL 1883875 at *5 (E.D. Cal. 2014) (Claire, M.J.). Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

## II.  TITLE II AND VII

"Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . . ." 42 U.S.C.A. § 2000e-5(f)(1).[2] In determining whether to appoint counsel, the court considers: (1) plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the merits of plaintiff's claim. Brown v. Continental Can Co., 765 F.2d 810, 814 (9th Cir. 1985).

Plaintiff has submitted a 22-page request for counsel, but he has not addressed whether he has the financial resources to hire an attorney, nor what efforts he has made to secure counsel – including pro bono counsel – on his own. As for the merits of his Title II (discrimination in public accommodations) and VII (discrimination in employment) claims, plaintiff's request for counsel tends to show that his claims have no merit under those provisions, as the request indicates that whatever injury plaintiff has suffered is the result of his whistle-blower activity, and not because of his race or other classification protected by Title II or VII. Plaintiff has thus failed to show that the court should appoint counsel pursuant to Title II or VII.

////

---

[2] Title II of the Civil Rights Act contains an identical provision. See 42 U.S.C. § 2000a-3(a).

2

III.  CONCLUSION

The court notes that plaintiff filed his request for counsel soon after defendant moved to dismiss the case.  Plaintiff is cautioned that his request for counsel does not serve as his response to the dismissal motion, nor does it relieve him of his obligation to file a response to the dismissal motion.  His opposition, or statement of non-opposition, to that motion (ECF No. 7) must be served and filed no later than March 25, 2015.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 8), is DENIED without prejudice.

DATED: February 23, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE