UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND WESLEY CRAWFORD SR., | No. 2:14-cv-2725 JAM AC (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LISA M. MOORE, | |
| Defendant. | |

Plaintiff is an African American man whose complaint alleges that defendant Lisa M. Moore, the Bureau Chief for the Cemetery and Funeral Bureau ("the Bureau") of the California Department of Consumer Affairs, denied him a funeral license because of his race or color. Defendant has moved to dismiss the complaint on the grounds that the injunctive relief plaintiff seeks cannot be granted, for failure to state a claim, and for failure to comply with Fed. R. Civ. P. 8. For the reasons set forth below, the undersigned recommends that the motion to dismiss be granted for failure to state a claim. Plaintiff should, however, be granted leave to amend his Section 1983 claims arising under the Fourteenth Amendment Due Process and Equal Protection clauses of the U.S. Constitution.

## I. BACKGROUND

A. <u>Allegations of the Complaint</u>

Plaintiff has worked in the funeral industry for about fourteen years. Complaint (ECF

1

No. 1) ¶ III at p.4. During that time, plaintiff has filed complaints with state agencies against various licensed funeral establishments. Id. ¶ III(1) at p.6. When he applied for a funeral director's license himself, he was turned down. The explanation given by the Bureau was that he had past criminal convictions. Plaintiff's complaint alleges that the Bureau has racially discriminatory policies, practices, procedures, and administrative regulations. Id. ¶ III(1)(c) at p.8. He concludes that the Bureau has prevented him from getting a Funeral Director's license "solely on the ground of race and color." Id. ¶ II at p.3.

1. Plaintiff is denied a funeral director's license

In 1999, "everyone who was working in the funeral industry as an apprentice funeral director[] was to be grandfather[ed] into the system as a Funeral Director because of the work experience that the Plaintiff and others had received from a licensed funeral establishment[] and who was trained by a licensed funeral director." Id. ¶ III(1)(d) at p.9. It appears that plaintiff applied for his funeral license on April 2, 2012.[1] The Bureau initially denied plaintiff a license – notwithstanding plaintiff's qualification for the license under the grandfather clause – saying that the license was denied because plaintiff has a 16-year-old conviction. Id. Plaintiff attaches to his complaint a letter from defendant Moore denying his license application on the stated grounds of his prior convictions. ECF No. 1 at 31-32.

Plaintiff challenged the license denial, and was granted a hearing before an Administrative Law Judge ("ALJ"). Complaint ¶ III at 10. Plaintiff was notified of the ALJ's "Proposed Decision" on September 24, 2013. Motion for Plaintiff's Opposition to Motion To Dismiss ("Opposition") (ECF No. 10) at 19.[2] Pursuant to the ALJ's decision, plaintiff's application was

---

[1] The complaint does not explain the 13 year gap between the date of plaintiff's eligibility under the grandfather clause in 1999, and the date of his application in 2012.

[2] Plaintiff refers to the Proposed Decision in his complaint and attaches it to his Opposition. Defendant does not question its authenticity, and indeed cites to the document. Under these circumstances, the court may consider the document to be "incorporated by reference" into the complaint. Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1160 (9th Cir. 2012) ("courts may take into account 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'") (quoting Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)). "A court 'may treat such a document as part of the complaint, and thus may assume that its contents are true for (continued…)

2

1  accepted, and he was advised that his license "will be issued" upon successful completion of the
2  funeral director exam, although he would then be placed on probation for three years. Id.
3  at 10-11.[3] In his complaint, plaintiff complains about the test itself, saying the results are not
4  shown to the test takers, and it costs $100 to take the exam. Complaint ¶ IV at 12.

Plaintiff draws the conclusion that his license was withheld because of his race or color. At the hearing on this motion, plaintiff asserted that white applicants were able to obtain funeral licenses (perhaps using the grandfather clause), without taking the exam, even though they also had violated the law. The complaint, however, does not allege any such facts. Plaintiff should have an opportunity to clarify what he is alleging in an amended complaint.

Plaintiff also asserted at the hearing that the denial of his license was punishment for his whistleblowing activity. Specifically, plaintiff alleges that he "has continuously filed complaints against licensed funeral establishments such as Rucker's Mortuary, and Cecil Martin Family Funeral Care." Complaint ¶ III(1) at p.6. At the hearing on the motion, plaintiff asserted that after he filed a complaint against Ruckers Mortuary, the Bureau punished him for it – by denying him a license – instead of punishing Ruckers.[4] The complaint however, does not allege that this

---

purposes of a motion to dismiss under Rule 12(b)(6).'" Id. (quoting United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)).

[3] Defendant repeatedly asserts that plaintiff "admits" and "alleges" that he was granted a license, citing the complaint at pp. 10-11. Defendant's Memorandum of Points and Authorities in Support of Motion To Dismiss ("Motion") (ECF No. 7-1) at 4 (plaintiff "admits" and "alleges" that "he was granted a license"), 6 (plaintiff "alleges" and "alleged" that "he was granted a license"). However, nowhere does plaintiff allege or admit that he was granted a license. In fact, plaintiff alleges that he was not granted a license. The referenced pages in the complaint allege only that the ALJ stated that plaintiff's "application for a Funeral Director license is accepted, and upon successfully passing the Funeral Director's Examination a license will be issued . . .." Complaint ¶ III at 10-11. If defendant is using the term "granted" as a term of art or shorthand for what happened here, she is free to do so (although she should specifically so advise the court). See, e.g., Defendant's Reply in Support of Defendant's Motion To Dismiss ("Reply") at 4 (plaintiff "was granted a license by the Bureau under probationary terms and conditions"). However, it is not acceptable for defendant to claim that plaintiff admitted or alleged that he had been granted a license, when in fact, he alleges just the opposite.

[4] The court notes however, that according to the complaint, plaintiff's complaint against Ruckers was investigated by the Bureau and by the Division, and resulted in fines, citations, a stipulated disciplinary order and violations against Ruckers. ECF No. 1 at 38 & 54 (promising an investigation), 39-52 (issuance of fines, citation and an order), 53 (issuance of violations).

whistleblower activity was the reason why his license application was denied. Plaintiff should have an opportunity to amend his complaint to include these allegations.

### 2. Plaintiff is fired by Ruckers Mortuary

Plaintiff was fired by Ruckers Mortuary because he filed complaints against Ruckers with the Bureau, and with the Division of Occupational Safety and Health ("the Division") of the California Department of Industrial Relations, and because he cooperated with the ensuing investigations. Complaint ¶ III(1) at p.6. However, plaintiff is not suing Ruckers.

### 3. Plaintiff is laid off by Cecil Martin

Plaintiff was laid off by Cecil Martin, which falsely stated that it was laying him off because it was shutting down its Bakersfield office as a money-loser. Id. ¶ III at p.5 & III(1)(a) at 6. In fact, plaintiff was laid off because he filed complaints against Cecil Martin Family Funeral Care ("Cecil Martin"), although the complaints were "to no avail." Id. Plaintiff notes that Marion Cecil Martin is a white person. However, plaintiff is not suing Cecil Martin (the company), or Marion Cecil Martin (the person).[5]

B.  The Claims

Plaintiff asserts claims under (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., (2) 42 U.S.C. § 1981, (3) 42 U.S.C. § 1983, (4) the Due Process and Equal Protection Clauses of the Fourteenth Amendment, (5) the Due Process clause of the Fifth Amendment, and (6) Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a, et seq. Plaintiff also wants a declaration that "Section 8(f) of the Labor-Management Relations Act," 29 U.S.C. § 158(f), is "unconstitutional as applied." Complaint ¶ II at 3.

////

---

[5] The remainder of the complaint is a broadside against the Bureau for its alleged policy of allowing law-breaking white licensees to continue in practice, while revoking the license of a black licensee. It alleges that white licensees are guilty of all manner of crimes and unprofessional conduct – forgery, re-using caskets, holding cremated remains hostage, fraud in connection with pre-need accounts – but that the Bureau did not charge them with anything, and that they were permitted to continue in business. However, plaintiff does not connect any of these allegations to the denial of his license application, or any alleged discrimination against himself.

4

II.  MOTION TO DISMISS

A.  <u>Dismissal Standards</u>

"A motion to dismiss under Federal Rule of Civil Procedure 12(b) (6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." <u>Conservation Force v. Salazar</u>, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks omitted), <u>cert. denied</u>, 132 S. Ct. 1762 (2012).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555.  It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. <u>Id.</u> (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–35 (3d ed. 2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citing <u>Twombly</u>, 550 U.S. at 555-56), construe those allegations in the light most favorable to the plaintiff, <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 960 (9th Cir. 2010) (citing <u>Twombly</u>), and resolve all doubts in the plaintiff's favor. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 340 (9th Cir. 2010) (citing <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738 (1976)).  The court need not accept as true, legal conclusions "cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

////

1     Moreover, pro se pleadings are held to a less stringent standard than those drafted by
2 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a
3 claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts
4 in support of the claim that would entitle him to relief.  See Cook v. Brewer, 637 F.3d 1002, 1004
5 (9th Cir. 2011).
6     The federal rules contemplate brevity.  Specifically, the complaint must contain "a short
7 and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.
8 P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
9 point of a simplified pleading system, which was adopted to focus litigation on the merits of a
10 claim").  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ.
11 P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d
12 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and
13 direct'").

   B. Analysis

      1. Injunctive relief

16     Defendant's principal argument for dissmissal is that, regardless of the merits of plaintiff's
17 claims, the complaint seeks only injunctive relief but fails the "four-factor test" for such relief.
18 Motion at 3-5 (citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)).  That test
19 would require plaintiff to show (1) irreparable injury, (2) that he has no adequate remedy "at
20 law," (3) that the balance of hardships favors the issuance of the injunction, and (4) that the public
21 interest warrants the injunction.  eBay Inc., 547 U.S. at 391.
22     It is premature to consider whether plaintiff would be entitled to a permanent injunction at
23 the end of this case, before the court has established what claims are actually being asserted here
24 and which, if any, survive scrutiny under Rules 8 and 12(b)(6).  It makes better sense to first
25 determine which, if any, of plaintiff's claims will survive the motion to dismiss, and how any
26 amended claims are pled, prior to considering which forms of relief may be supported by the
27 claims.  The initial pro se complaint, which contains a great deal of extraneous information and
28 ////

fails generally to comply with Rule 8, does provide a fair basis for application of the eBay four-factor test.[6]

### 2. Title VII of the Civil Rights Act of 1964

Title VII of the Civil Rights Act of 1964, 2000e, et seq., prohibits employers, employment agencies, and labor unions from discriminating on the basis of, among other things, race or color. See 42 U.S.C. § 2000e-2. Title VII prohibits both intentional discrimination (known as "disparate treatment") as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as "disparate impact"). Ricci v. DeStefano, 557 U.S. 557, 577 (2009).

Plaintiff does not state a Title VII claim against the sole defendant, Moore, because Moore is not alleged to be plaintiff's employer (nor is she alleged to be an employment agency or a labor union). Moore is, instead, the head of a licensing agency, and is alleged to have discriminated against plaintiff in that capacity. Title VII does not apply to licensing agencies in their role of granting or denying licenses. See Haddock v. Board of Dental Examiners of California, 777 F.2d 462, 463 (9th Cir. 1985) ("We find that Title VII, by its own terms, does not apply to the Board of Dental Examiners. The Board is neither an 'employer,' an 'employment agency,' nor a 'labor organization' within the meaning of the Act").

---

[6] Moreover, defendant does not address how application of the traditional test for issuance of a permanent injunction may be modified in the context of a case arising under Title VII or other civil rights statutes. See, e.g., Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 827 (9th Cir. 2001) (citations omitted) ("where a defendant has violated a civil rights statute we will presume that the plaintiff has suffered irreparable injury from the fact of the defendant's violation"); accord, EEOC v. DCP Medstream, L.P., 608 F. Supp. 2d 107, 110 (D. Me. 2009) (a finding of liability under Title VII, "coupled with Title VII's congressional endorsement of equitable relief, is sufficient to meet the first three prongs of the [eBay] test. The fourth prong is likewise met because, as the First Circuit has recognized, "the public has an interest in the enforcement of federal statutes."). Certainly, there is no absolute bar to the granting of permanent injunctive relief in cases arising under Title VII or other civil rights statutes. See 42 U.S.C. § 2000e-5(g)(1) (in a Title VII case, "[i]f the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice"); Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir.) (affirming the district court's grant of narrowly drawn permanent injunctive relief in a Section 1983 prisoner case), cert. denied, 534 U.S. 1066 (2001).

At the hearing on this motion, plaintiff conceded that Moore was never his employer, and therefore his Title VII claim against her cannot be cured by amendment. This claim should therefore be dismissed with prejudice.[7] See Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (amendment of complaint futile, and dismissal with prejudice thus appropriate, where plaintiff cannot allege necessary facts).

### 3. 42 U.S.C. § 1981

Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Section 1981 prohibits discriminatory private conduct as well as such conduct taken under color of state law. Pittman v. Oregon, Employment Dept., 509 F.3d 1065, 1068 (9th Cir. 2007) ("§ 1981 by its terms prohibits private discrimination as well as discrimination under color of state law") (citing Jett v. Dallas Independent School District, 491 U.S. 701 (1989)). To state a prima facie case under Section 1981, plaintiff must allege, at a minimum, facts showing that (1) he is a member of a protected class, (2) he attempted to contract for certain services, and (3) he was denied the right to contract for those services. Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1145 (9th Cir. 2006).

Plaintiff's Section 1981 claim against Moore fails as a matter of law.[8] "[T]he prohibition on discrimination by a state or its officials contained in § 1981 can be enforced against state actors only by means of § 1983," and thus, Section 1981 "does not create a private right of action" against state actors. Pittman, 509 F.3d at 1068 & 1073.[9] Since this claim is thus barred as

---

[7] Plaintiff does allege that he was fired or laid off by two employers, Cecil Martin and Ruckers. However, (1) he is not suing either one of them, and (2) he alleges that they terminated his employment because he filed complaints against them, not because of his race or color.

[8] It also fails on the facts, in that no facts are alleged showing that plaintiff ever tried to enter into a contract with Moore. Rather, he applied for a license from her.

[9] Pittman expressly states that this holding was not changed by the 1991 amendments to the Civil rights Act, specifically 42 U.S.C. § 1981(c) ("[t]he rights protected by this section are protected (continued…)

8

1  a matter of law, it should be dismissed with prejudice.  See Schmier, 279 F.3d at 824 .

2                  4. 42 U.S.C. § 1983

3        Section 1983 "creates a cause of action against a person who, acting under color of state

4  law, deprives another of rights guaranteed under the Constitution."  Henderson v. City of Simi

5  Valley, 305 F.3d 1052, 1056 (9th Cir. 2002).  "In order to allege a claim upon which relief may

6  be granted under § 1983, a plaintiff must show that he or she has been deprived of a 'right

7  secured by the Constitution and . . . law of the United States' and that the deprivation was 'under

8  color' of state law."  Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing Flagg Bros.,

9  Inc. v. Brooks, 436 U.S. 149, 155 (1978) (quoting 42 U.S.C. § 1983)).  Plaintiff alleges

10  deprivation of his Due Process and Equal Protection Rights.

11                  a.  Due Process Clause of the Fourteenth Amendment

12       Pursuant to the Due Process Clause of the Fourteenth Amendment to the U.S.

13  Constitution, "No State shall . . . deprive any person of life, liberty, or property, without due

14  process of law."  U.S. Const. amend. XIV, § 1.  "A section 1983 claim based upon procedural due

15  process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2)

16  a deprivation of the interest by the government; (3) lack of process."  Portman v. County of Santa

17  Clara, 995 F.2d 898, 904 (9th Cir. 1993).

18        The complaint does not state a procedural Due Process claim against Moore.  According

19  to the complaint, plaintiff applied for a license, was denied, and was granted a hearing to

20  challenge the denial.  The hearing resulted in a ruling that he would get his license as soon as he

21  passed the exam, although he would be placed on probation for three years.  Plaintiff does not

22  allege that he was deprived of a meaningful opportunity to be heard, and he does not indicate

23  what about this process is deficient, nor what additional process was due him.

24  ---

25  against impairment by nongovernmental discrimination and impairment under color of State law"), or by Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204 (9th Cir.1996)

26  ("[w]e hold that the Civil Rights Act of 1991 creates an implied cause of action against state actors under 42 U.S.C. § 1981, and thus statutorily overrules Jett's holding that 42 U.S.C. § 1983

27  provides the exclusive federal remedy against municipalities for violation of the civil rights guaranteed by 42 U.S.C. § 1981").

28

The complaint also does not state a substantive due process claim.

> "Substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs." Blaylock v. Schwinden, 862 F.2d 1352, 1354 (9th Cir. 1988). Substantive due process "protects a liberty or property interest in pursuing the 'common occupations or professions of life.'" Benigni v. City of Hemet, [879 F.2d 473, 478 (9th Cir. 1989)] (quoting Schware v. Board of Bar Examiners, 353 U.S. 232, 238-39 (1957)); see also Chalmers v. City of Los Angeles, 762 F.2d 753, 757 (9th Cir. 1985). In order to prove a substantive due process claim, appellants must plead that the government's action was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395 (1926).

Lebbos v. Judges of Superior Court, Santa Clara County, 883 F.2d 810, 818 (9th Cir. 1989). Here, plaintiff does not dispute that he was initially denied a license because of his convictions, but that after a hearing, he was notified that he would be granted the license – despite the convictions – although he would be placed on probation for three years. Plaintiff does not allege that this result is arbitrary and unreasonable, or that it has no substantial relation to the public health and safety, and it does not appear to be so on its face.

The Due Process claim should therefore be dismissed. Defendant seeks dismissal with prejudice, arguing that plaintiff cannot cure this claim by amendment. While defendant's skepticism regarding the merits of the claim is understandable, it is not clear to the undersigned (in large part due to the present complaint's failure to provide a short and plain statement of the factual basis for relief) that the claim cannot possibly be saved. Accordingly, the general policy of liberality regarding amendment, especially in the case of a pro se plaintiff, should be followed here. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted unless the court "determines that the pleading *could not possibly* be cured by the allegation of other facts.") (emphasis added). Any amended complaint should comply with Fed. R. Civ. P. 8, which contemplates a "short and plain" statement of the facts showing that plaintiff is entitled to relief.

### b. Equal Protection Clause of the Fourteenth Amendment

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall

. . . deny to any person within its jurisdiction equal protection of its laws." U.S. Const. amend. XIV, § 1. This is "essentially a direction that all similarly situated persons should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). The guarantee of equal protection is not a source of substantive rights or liberties, but rather "a right to be free from discrimination in statutory classifications and other governmental activity." Williams v. Vidmar, 367 F. Supp. 2d 1265, 1270 (N.D. Cal. 2005); accord, Harris v. McRae, 448 U.S. 297, 322 (1980) ("[t]he guarantee of equal protection under the Fifth Amendment is not a source of substantive rights or liberties, but rather a right to be free from invidious discrimination in statutory classifications and other governmental activity"). "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." Washington v. Davis, 426 U.S. 229, 239 (1976). In a § 1983 claim alleging a violation of equal protection, a plaintiff "must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional." FDIC v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) (citing Stones v. Los Angeles Cmty. Coll. Dist., 796 F.2d 270, 275 (9th Cir. 1986)). In other words, plaintiff must plead and prove facts that demonstrate that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Plaintiff's complaint does not state an Equal Protection claim. The complaint does not allege that Moore, the only defendant, discriminated against plaintiff compared to other similarly situated persons. Plaintiff comes closest when he alleges that he was not allowed to become a funeral director using the "grandfather" clause. He alleges:

> In 1999, everyone who was working in the funeral industry as a apprentice funeral directors was to be grandfather into the system as Funeral Director because of the work experience that the Plaintiff and others had received from a licensed funeral establishments and who was trained by a licensed funeral director.

Complaint ¶ III(d) at p.9. However, the bureau notified plaintiff (through his then-employer, Ruckers), that he could not be grandfathered in because he has a 16-year old conviction.

The complaint fails to allege that the reason was discriminatory based upon his race or color, or that it was a pretext or proxy for discrimination, or that white applicants were

11

grandfathered in despite their convictions, or anything of the sort. At the hearing on this motion, however, plaintiff asserted that white applicants were able to obtain funeral licenses (perhaps using the grandfather clause), without taking the exam, even though they also had violated the law. Accordingly, this claim should be dismissed with leave to amend. See Doe, 58 F.3d at 497.

### c. Due Process Clause of the Fifth Amendment

Plaintiff may be attempting to assert a claim under the Due Process Clause of the Fifth Amendment. See Complaint ¶ I at p.2 & III(d) (referring to due process rights of the "Fifteenth" Amendment, which appears to be a typographical error for "Fifth" Amendment, since the Fifteenth Amendment does not contain a Due Process Clause). However, "[t]he Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government – not to those of state or local governments." Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001). Accordingly, to the degree plaintiff asserts a claim under the Due Process Clause of the Fifth Amendment, it should be dismissed with prejudice.

### 5. Title II of the Civil Rights Act of 1964

Title II of the Civil Rights Act of 1964 provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a); Dezell v. Day Island Yacht Club, 796 F.2d 324, 326 (9th Cir. 1986). Thus, in order to state a claim under Title II, this plaintiff must allege facts showing that he was discriminated against by a "public accommodation" because of his race or color.

Plaintiff does not state a claim under Title II of the Civil Rights Act of 1964. He does not allege facts showing that Moore (or the Bureau) is or operates a "public accommodation," and indeed, the facts alleged show that defendant is not a public accommodation. Title II prohibits discrimination in places like lunch counters and hotels. See 42 U.S.C. § 2000a(b) (setting forth examples of public accommodations). It has nothing to do with issuing funeral director licenses. This claim should be dismissed with prejudice.

////

6. <u>Labor-Management Relations Act, 29 U.S.C. § 158(f)</u>

> Section 8(f) explicitly permits employers in the construction industry – but no other employers – to enter into prehire agreements. Prehire agreements are collective-bargaining agreements providing for union recognition, compulsory union dues or equivalents, and mandatory use of union hiring halls, prior to the hiring of any employees.

<u>Building and Const. Trades Council of Metropolitan Dist. v. Associated Builders and Contractors of Massachusetts/Rhode Island, Inc.</u>, 507 U.S. 218, 230 (1993).

Although plaintiff asks this court to declare Section 8(f) to be unconstitutional, the complaint contains no allegations showing that the provision has anything to do with this lawsuit or with funeral licensing, or that it is unconstitutional. Accordingly, this claim should be dismissed with prejudice.

## III. RECOMMENDATION

For the reasons stated above, IT IS HEREBY RECOMMENDED:

1. That defendant's motion to dismiss (ECF No. 7), be granted, as follows:

2. That the claim against Moore under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., be dismissed with prejudice;

3. That the claim Section 1981, 42 U.S.C. § 1981, claim be dismissed with prejudice;

4. That the claim under Section 1983, 42 U.S.C. § 1983, for violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, be dismissed with leave to amend within 30 days;

5. That the claim under Section 1983, 42 U.S.C. § 1983, for violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, be dismissed with leave to amend within 30 days;

6. That the claim under Section 1983, 42 U.S.C. § 1983, for violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution, be dismissed with prejudice;

7. That the claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a, et seq., be dismissed with prejudice;

8. That the claim under Section 8(f), 29 U.S.C. § 158(f), be dismissed with prejudice.

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be filed and served within fourteen (14) days after service of the objections.  The parties are
7  advised that failure to file objections within the specified time may waive the right to appeal the
8  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: April 10, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE